United States District Court
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6
7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    BRIAN LANCASTER,
10              Plaintiff,                              No. C 12-05267 WHA
11        v.
12   CITY OF PLEASANTON, OFFICER TIM                    **ORDER SETTING ASIDE**
     MARTENS, ALAMEDA COUNTY, DEPUTY                    **ENTRY OF DEFAULT**
13   SHERIFF RYAN SILCOCKS, LESLEY                      **AGAINST RYAN SILCOCKS,**
     REGINA, LISA SECORD, LOUIS SECORD                  **DENYING AS MOOT**
14   (aka TREY), and DOES 1 through 10, inclusive,      **DEFENDANTS' MOTIONS**
                                                        **TO DISMISS, AND**
15              Defendants.                             **VACATING HEARINGS**
16   _____/
17        In this sprawling divorce-fallout action anchored by one federal civil rights claim,
18   two defendants have moved to dismiss well after the undersigned ruled on a prior series of such
19   motions. A third defendant has moved to set aside entry of default. For the reasons given below,
20   the motions to dismiss are **DENIED AS MOOT** and the motion to set aside default is **GRANTED**.
21        Plaintiff Brian Lancaster filed suit in October 2012, alleging a web of intrigue that
22   culminated in, among other things, a false arrest, falsification of police records, infringement of
23   his civil rights in violation of 42 U.S.C. 1983, defamation, and improper release of confidential
24   records. The tale centered on the machinations of defendant Lisa Secord, plaintiff's ex-wife.
25   She and her current husband, defendant Louis (Trey) Secord, allegedly cajoled a cast of
26   characters to harass plaintiff in various ways, primarily in order to gain an advantage in the
27   ex-wife's child-custody dispute with him. Flowing from these allegations are several state-law
28   claims against the Secords. A prior order outlined these facts in detail (*see* Dkt. No. 54).

The various players include two law-enforcement officers.  One of them, defendant Alameda County Sheriff's Deputy Ryan Silcocks, is alleged to have released plaintiff's private information to plaintiff's ex-wife and her attorney for them to use against plaintiff in the custody proceedings (*see ibid.*).  Although an order ruled on defendant County of Alameda's motion to dismiss, its employee, Deputy Silcocks, never responded to the complaint and the clerk entered default against him (Dkt. No. 52).  Deputy Silcocks protests that he was not properly served and therefore had no duty to appear (Dkt. No. 63).

The other officer involved, defendant City of Pleasanton police officer Tim Martens, allegedly also improperly released plaintiff's confidential information.  In addition, the complaint alleges Officer Martens stopped plaintiff's car, planted drugs in it, falsely arrested him, and then falsified the police report to indicate that he had also found ammunition in plaintiff's car.  These allegations led to a Section 1983 claim against Officer Martens, along with several state-law claims (*see* Dkt. No. 54).

An order dated March 25, 2013, stayed all state-law claims, dismissed the Section 1983 claims against the City of Pleasanton and the County of Alameda, and allowed discovery to proceed *only* as to the Section 1983 claim against Officer Martens (*ibid.*).  Nevertheless, almost two weeks after that order was filed, and without making reference to it, the Secords each filed a motion to dismiss the state-law claims against them (Dkt. Nos. 59, 60).  Given that all state-law claims in the action had been stayed by then, these motions are **DENIED AS MOOT**.

Deputy Silcocks' motion to set aside entry of default is **GRANTED**.  "The court may set aside an entry of default for good cause . . . ."  Rule 55(c).  Our court of appeals has held that a district court's discretion is "especially broad" where a party is asking that mere entry of default, rather than a default judgment, be set aside.  *Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986).  Three factors guide a district court in determining Rule 55(c) "good cause":  "whether defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default . . . would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

United States District Court

For the Northern District of California

2

The sworn declarations of the deputy, his attorney, and the head of the sheriff's civil litigation department support his assertion that he was never properly served (Dkt. Nos. 63-1, 63-2, 63-3).  Instead, during Deputy Silcocks' absence on administrative leave, the summons was served upon an employee of the sheriff's office who was not authorized to accept service on his behalf (Dkt. No. 63-2).  Nor had he authorized anyone else in the sheriff's civil litigation department to accept such service, and no written policy allowed one employee to accept service on behalf of another (Dkt. No. 63-3).  Furthermore, the proof of service listed the incorrect address for the sheriff's office and made no indication of any attempt to locate Deputy Silcocks' home or other address (Dkt. No. 63-1).  Plaintiff has belatedly filed a statement of non-opposition to Deputy Silcocks' motion (Dkt. No. 68).

A prior order effectively dismissed the single federal claim against the deputy.  The remaining state-law claims, including those against Deputy Silcocks, were stayed (*see* Dkt. No. 54 at 6–7).  No prejudice to plaintiff could therefore result from setting aside the entry of default, and it is so ordered.

Finally, Deputy Silcocks' reply indicates that he would be willing to waive any defects in service and appear before the court through a responsive pleading (Br. at 1).  Deputy Silcocks' motion to set aside the entry of default is **GRANTED**.  He must file an answer by **NOON ON MAY 24, 2013**.  The Secords' motions to dismiss are **DENIED AS MOOT**.  No further motions to dismiss shall be brought.  The hearings scheduled for May 16 and May 23, 2013, are **VACATED**.

**IT IS SO ORDERED.**

Dated:  May 9, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3