United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN LANCASTER,

    Plaintiff,

v.

CITY OF PLEASANTON; OFFICER TIM MARTENS; COUNTY OF ALAMEDA; DEPUTY SHERIFF RYAN SILCOCKS; LESLEY REGINA; LISA SECORD; LOUIS SECORD; and DOES 1 through 10, inclusive,

    Defendants.
    /

No. C 12-05267 WHA

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND VACATING HEARING**

**INTRODUCTION**

In this civil-rights action arising from an alleged scheme to discredit plaintiff in child-custody proceedings, one of the named defendants moves for judgment on the pleadings. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

Plaintiff Brian Lancaster filed suit in October 2012, alleging a cabal that made him victim to, among other things, falsification of police records, false arrest, defamation, and improper release of confidential records. Plaintiff's ex-wife and her current husband, defendants Lisa and Trey Secord, allegedly enlisted the help of numerous cronies to harass plaintiff, primarily to gain an advantage in the ex-wife's child-custody dispute with him. Plaintiff's sprawling state

law claims are anchored by a single federal civil rights claim. The allegations have been set forth in more detail in a previous order (*see* Dkt. No. 54). Relevant to this motion, the complaint alleges federal claims against two officers.

The present motion was brought by Deputy Silcocks. Plaintiff alleges that Deputy Silcocks unlawfully disclosed "confidential information from the California Department of Motor Vehicles, Clets, NCIC and CORPUS pertaining to plaintiff" to co-defendant Lesley Regina. Regina then allegedly forwarded this information to ex-wife Lisa Secord for use in her child-custody dispute with plaintiff (First Amd. Compl. ¶ 21–24).

The parties to this action have created a procedural nightmare. A previous order, dated March 25, stayed all state-law claims, dismissed the Section 1983 claims against the City of Pleasanton and the County of Alameda, and allowed discovery to proceed *only* as to the Section 1983 claim against defendant Officer Martens (with the idea that if and when the federal claim vanished, supplemental jurisdiction over the state law claims would be possibly declined). Notably, the March 25 order dismissed plaintiff's Section 1983 claim on privacy grounds arising from Deputy Silcocks' alleged actions as against the County of Alameda, Deputy Silcocks' direct employer. The other officer — Officer Martens — was later dismissed following a settlement conference with Magistrate Judge Donna Ryu.

At the time of the March 25 order, default had been entered against Deputy Silcocks. A later order, dated May 9, set aside the entry of default, finding he had been improperly served (Dkt. No. 69). Because of this wrinkle, a Section 1983 claim is still on the books against Deputy Silcocks even though the same claim was dismissed as a matter of law against the County of Alameda in the March 25 order. To clean up this procedural mess, the undersigned judge ordered Deputy Silcocks to bring a Rule 12(c) motion during a prior oral argument (Dkt. No. 87 at 16–17).

**ANALYSIS**

**1.    LEGAL STANDARD.**

Our court of appeals has held:

> Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue

2

> of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.

*Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotations omitted).

### 2. THE SECTION 1983 CLAIM AGAINST DEPUTY SILCOCKS.

The parties lock horns over the scope of constitutional rights to informational privacy and familial relationships. According to plaintiff, Deputy Silcocks violated plaintiff's right to informational privacy when he disclosed to co-defendant Regina confidential information about plaintiff from various governmental databases. Moreover, plaintiff regards this as an unconstitutional interference with his familial relationship with his children. These perceived constitutional violations form the basis for plaintiff's Section 1983 claim against Deputy Silcocks.

Deputy Silcocks denies that plaintiff's allegations can support a Section 1983 claim. In his view, the "right to informational privacy" is much more narrow in scope and does not cover the information allegedly disclosed by Deputy Silcocks, while the decisions cited by plaintiff relating to the constitutional right to familial relations are inapposite. This order agrees with Deputy Silcocks.

The March 25 order rejected this exact claim against the County of Alameda as a matter of law. Our court of appeals has limited informational privacy rights to information concerning "marriage, procreation, contraception, family relationships, and child rearing and education." *Seaton v. Mayberg*, 610 F.3d 530, 538 (9th Cir. 2010). Thus, plaintiff's theory of informational privacy does not give rise to a Section 1983 claim. Plaintiff failed to show any reason why this order should depart from the March 25 order. For this reason, Deputy Silcocks' motion for judgment on the pleadings is **GRANTED**.

Were the present action to be decided solely on the briefing, plaintiff's claim would have been dismissed without leave to amend, thereby finally putting this tortured history to rest as far as federal proceedings are concerned.

3

This order takes notice of the Driver's Privacy Protection Act, 18 U.S.C. 2721. The DPPA prohibits the unauthorized disclosure of "personal information" from DMV records by an authorized recipient of that information. Our court of appeals has not decided whether violations of the DPPA can be vindicated through Section 1983 but a sister circuit had "no hesitancy in finding that the plain language of the DPPA clearly . . . make[s] it enforceable under Section 1983." *Collier v. Dickinson*, 477 F.3d 1306, 1310 (11th Cir. 2007).

Plaintiff alleges that Deputy Silcocks accessed "confidential information regarding plaintiff, including information from the California Department of Motor Vehicles" (First Amd. Compl. ¶ 19). While it remains unclear what exactly was disclosed, this allegation could *potentially* give rise to a Section 1983 claim.

Plaintiff had no prior chance to amend his complaint against Deputy Silcocks. This is because the entry of default against Deputy Silcocks was set aside after the deadline for amendments had passed and the March 25 order did not allow for further amendments. Thus, plaintiff will be allowed to file a motion for leave to amend. The motion *may* be filed on or before **NOON ON AUGUST 2, 2013**. The following may be briefed: whether *Collier* should be followed; and whether "personal information" within the meaning of the DPPA was allegedly disclosed.

**CONCLUSION**

For the reasons stated above, Deputy Silcocks' motion for judgment on the pleadings is **GRANTED**. The motion hearing scheduled for July 25 is **VACATED**. Plaintiff may file a motion for leave to file an amended complaint, noticed on a normal 35-day track, in order to allege a Section 1983 claim for violation of the DPPA. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case.

**IT IS SO ORDERED.**

Dated: July 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4