IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN LANCASTER,

    Plaintiff,

  v.

CITY OF PLEASANTON; OFFICER TIM MARTENS; COUNTY OF ALAMEDA; DEPUTY SHERIFF RYAN SILCOCKS; LESLEY REGINA; LISA SECORD; LOUIS SECORD; and DOES 1 through 10, inclusive,

    Defendants.

                                          /

No. C 12-05267 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, GRANTING JUDICIAL NOTICE AND ORDER TO SHOW CAUSE**

**INTRODUCTION**

In this civil-rights action arising from an alleged scheme to discredit plaintiff in child-custody proceedings, plaintiff moves to file a second amended complaint. For the reasons stated below, the motion is **DENIED**. Defendant County of Alameda's request for judicial notice is **GRANTED**. Since only state-law claims remain, the parties are **ORDERED TO SHOW CAUSE** as to why this Court should exercise supplemental jurisdiction.

**STATEMENT**

Plaintiff Brian Lancaster filed suit in October 2012, alleging a cabal that victimized him by, among other things, falsification of police records, false arrest, defamation, and improper release of confidential records. Plaintiff's former wife and her current husband, defendant Lisa and Louis Secord, allegedly enlisted the help of numerous individuals to harass plaintiff, primarily to

gain an advantage in the former wife's child-custody dispute with him. Plaintiff's sprawling state-law claims are anchored here by a single federal civil rights claim. The allegations have been set forth in more detail in a previous order (*see* Dkt. No. 54). Relevant to this motion, the complaint alleges federal claims against two officers.

In June 2013, defendant Ryan Silcocks filed a motion for judgment on the pleadings. Plaintiff alleges that Deputy Silcocks unlawfully disclosed "confidential information from the California Department of Motor Vehicles, [California Law Enforcement Telecommunication System], [National Crime Information Center], and CORPUS pertaining to plaintiff" to co-defendant Lesley Regina. Regina then allegedly forwarded this information to former wife Lisa Secord for use in her child-custody dispute with plaintiff (First Amd. Compl. ¶ 21–24).

The parties to this action have created a procedural nightmare. A previous order, dated March 25, stayed all state-law claims, dismissed the Section 1983 claims against the City of Pleasanton and the County of Alameda, and allowed discovery to proceed only as to the Section 1983 claim against defendant Officer Martens (with the idea that if and when the federal claim vanished, supplemental jurisdiction over the state law claims would be possibly declined). Notably, the March 25 order dismissed plaintiff's Section 1983 claim on privacy grounds arising from Deputy Silcocks' alleged actions as against the County of Alameda, Deputy Silcocks' direct employer. Officer Martens was later dismissed following a settlement conference with Magistrate Judge Donna Ryu.

At the time of the March 25 order, default judgment had been entered against Deputy Silcocks. A later order, dated May 9, set aside the entry of default, finding that he had been improperly served (Dkt. No. 69). Because of this wrinkle, a Section 1983 claim was still on the books against Deputy Silcocks even though the same claim was dismissed as a matter of law against the County of Alameda, in the March 25 order. To clean up this procedural mess, the undersigned judge ordered Deputy Silcocks to bring a FRCP 12(c) motion during a prior oral argument (Dkt. No. 87 at 16–17). Deputy Silcocks then argued in his motion that plaintiff's allegations could not support a Section 1983 claim because the "right to informational privacy" does not cover the information allegedly disclosed. The March 25 order had dismissed this exact

claim against the County of Alameda as a matter of law. In a July 12 order, Deputy Silcocks' motion for judgment on the pleadings was granted. That same order took notice of the Driver's Privacy Protection Act, 18 U.S.C. 2721, allowing the parties to brief the question of whether "personal information" within the meaning of the DPPA was allegedly disclosed.

On August 2, plaintiff filed his motion for leave to amend, arguing that his "personal information" within the meaning of the Driver's Privacy Protection Act, 18 U.S.C. 2721, was allegedly disclosed for an improper purpose, and that a violation of the DPPA can be vindicated through Section 1983. Plaintiff brought his DPPA claim against both Deputy Silcocks and the County of Alameda. On August 16, both defendants filed a response. On August 23, the plaintiff filed his reply. A hearing was held on September 12, and the parties were asked to file supplemental briefing on the issue of whether plaintiff had sufficiently pleaded a DPPA claim. Those briefs were submitted the same day.

**ANALYSIS**

FRCP 15(a) states that a court should freely grant leave to amend when justice so requires. Leave to amend, however, is not automatic. A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations omitted).

Once a district court has issued a scheduling order, FRCP 16 controls. The scheduling order limits the time during which a party can amend its pleadings. Without a request to modify the scheduling order, a party cannot amend its pleadings. At that point, any schedule modification to allow pleading amendments must be based on good cause. FRCP 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause requires diligence by the moving party. A modification of the pretrial schedule would be merited if the deadline could not be met "despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has shown good cause for not amending his pleadings within the deadline set by

3

the scheduling order. Plaintiff has had no prior opportunity to amend his complaint against Deputy Silcocks. This is because the entry of default against Deputy Silcocks was set aside after the deadline for amendments had passed and the March 25 order did not allow for further amendments. Thus, the July 12 order granting Deputy Silcocks' motion for judgment on the pleadings also allowed plaintiff to file a motion for leave to amend.

### 1. DRIVER'S PRIVACY PROTECTION ACT STANDARD.

State departments of motor vehicles often require drivers and automobile owners to provide an address, telephone number, vehicle description, Social Security number, medical information, and photograph as a condition of obtaining a driver's license or registering an automobile. *Reno v. Condon*, 528, U.S. 141, 143 (2000). In turn, Congress has provided private citizens with a claim for relief against any person "who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" by the DPPA. 18 U.S.C. 2724(a). There are 14 different permissible disclosure purposes outlined in the DPPA. 18 U.S.C. 2721(b). One permissible use includes:

> (4) For use in connection with any civil, criminal, administrative or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State or local court.

18 U.S.C. 2721(b)(4).

While an open question in the Ninth Circuit, the Eleventh Circuit determined that a DPPA plaintiff bears the burden of sufficiently alleging that defendant's obtainment, disclosure, or use of the personal information is for an improper purpose under the DPPA. *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107, 1112 (11th Cir. 2008). This order finds the Eleventh Circuit's reasoning persuasive. *See also Rodriguez v. Ampco Parking Sys.*, No. 09-1789, 2010 WL 3061600, at *1 (W.D. Wash. Aug. 2, 2010) (Judge Marsha J. Pechman). Plaintiff must allege sufficient facts in order to demonstrate that the defendant's obtainment, use or disclosure of information covered by the DPPA was not for a permissible purpose.

### 2. FAILURE TO STATE A CLAIM.

4

1    Defendants Silcocks and County of Alameda argue that plaintiff has still not alleged
2 sufficient facts to support the claim that defendant's acquisition of plaintiff's motor vehicle records
3 was for an improper purpose in violation of the DPPA. This order agrees.

4    To satisfy his burden at the pleadings stage, plaintiff must allege that defendant Silcocks
5 obtained, disclosed or used his information from a motor vehicle record for an impermissible
6 purpose. 18 U.S.C. 2724(a); *Thomas*, 525 F.3d at 1112. Courts facing similar motions have
7 dismissed claims that are insufficiently detailed to satisfy FRCP 8(a). *See Shadwell v. Clark*,
8 No. 09-00071, 2009 WL 2970515, at *2 (W.D. Va. Sept. 16, 2009). In *Shadwell*, the court
9 dismissed plaintiff's claim that six named defendants, in "collusion" with the state courts had
10 accessed his personal DMV records in order to use the information against plaintiff in a child
11 support hearing. The court found that the allegations actually suggested two permissible uses of
12 the information — use by a government agency in carrying out its functions, and *use in connection*
13 *with a civil or criminal proceeding*). *Id.* at 3.

14    Here, plaintiff has not satisfied his burden under FRCP 8(a). Plaintiff has amended his
15 fifth claim for relief to state that defendant Silcocks and County of Alameda "violated and
16 deprived PLAINTIFF'S rights as guaranteed by the DPPA 18 U.S.C. § 2721 et seq. and Civil
17 Rights violations under 42 U.S.C. § 1983" (Second Amd. Compl. ¶ 74). As to defendant Silcocks,
18 plaintiff alleges that he "obtain[ed] personal information and distribut[ed] such personal
19 information without consent" (*id.* at ¶ 79). According to the amended complaint, "Regina asked
20 Silocks to obtain confidential, private background information regarding PLAINTIFF BRIAN
21 LANCASTER, and provide that information to her for her personal use" (*id.* at ¶ 16). Having
22 agreed to do so, Deputy Silcocks accessed and disclosed plaintiff's (*id.* at ¶ 18):

> first, middle, and last name; residential address; telephone number; dates of residency; insurance information; driver's license number; vehicle license numbers; vehicle identification numbers (VIN); dates of sale of vehicle; date of birth; social security number; weight, height, eye color, and hair color; employer information; occupation; vehicle make and model; court dates; previous criminal charges; probation status and terms; gang affiliation (none); endorsements; driver's license status and reasons for previous action (suspended); whether plaintiff was a tissue donor; number of points on driver's record; previous accidents; whether plaintiff had 'violent tendencies'; whether plaintiff was considered an 'escape risk'; known aliases; etc.

On January 23, 2012, Silcocks allegedly forwarded this information to Regina. He had compiled it

5

from "the California Department of Motor Vehicles, [California Law Enforcement Telecommunication System], [National Crime Information Center] and CORPUS" (*Ibid.*). "Regina sent the information she obtained from Silcocks to her friend and defendant LISA. LISA used the information she obtained from Regina to obtain an advantage in her custody dispute by filing the information by way of declaration and testimony with the court, therefore making the information available to the world" (*id*. at ¶ 23).

Plaintiff has failed to show sufficient explanation or allegations as to why the use of plaintiff's California DMV records was improper under the DPPA. The second amended complaint fails to specify which personal information came from the DMV records or how its use violated a prohibition that appears in the plain text of the statute. Among the items allegedly retrieved by defendant Silcocks was "personal information" and "highly restricted personal information" as defined by the DPPA. 18 U.S.C. 2725(3) and (4). Neither of these types of information, however, are protected under the statute when used "in connection with any civil, criminal, administration, or arbitral proceeding in any Federal, State or local court or agency. . ." 18 U.S.C. 2721(b)(4). Plaintiff unequivocally states in his second amended complaint that defendant Silcocks retrieved the information in order to help defendant Lisa "obtain advantage in her custody dispute" by filing the information with the court (Second Amd. Compl. ¶ 23). The allegations of plaintiff's own amended complaint reveal that the information gathered by Silcocks does not fall within the protection of the DPPA. If there was any unprotected use of the information retrieved from the DMV, such use goes unsaid in the complaint.

The Supreme Court has placed limits to what constitutes a permissible use under Section 2721(b)(4). *Maracich v. Spears*, 133 S. Ct. 2191, 2203 (2013). In *Maracich*, the Supreme Court held that an attorney's solicitation of prospective clients falls outside the limit of the exemption from DPPA liability for obtaining information for use in connection with judicial and administrative proceedings. Attorney solicitations fall instead under Section 2721(b)(12), an exception that allows solicitations where the consent of the person whose information is to be used is expressly obtained. Unlike *Maracich*, defendant's use of the DMV records falls squarely under the court proceedings exception to the statute.

6

Contrary to plaintiff's assertion, it matters little that defendant Silcocks was allegedly fired for obtaining these documents. Our court of appeals has stated that a trial court need not examine "the 'purpose' Defendants had for 'obtaining' the information, separate from the ultimate use of the information. . . . [T]he portion of the statute that expresses the permissible purposes explicitly does so in terms of the 'use' of the information. That is what should be considered in determining whether the acquisition of the information is permitted under the statute." *Howard v. Criminal Info. Servs,, Inc.*, 654 F.3d 887, 891–92 (9th Cir. 2011). Accordingly, whether defendant Silcocks acted for official purposes, or simply to help a friend, all that matters under the DPPA is that the information obtained was used for a permissible purpose.

This order now considers whether the information obtained from the DMV was used for a purpose outside the protections of Section 2721(b)(4). Under the DPPA, defendant can only be held liable if he knowingly supplied the protected information for a purpose not permissible under the statute. As discussed above, use of the DMV records in the child-custody hearing was a permissible use under the statute. On the other hand, this order assumes without deciding that had Silcocks provided the DMV information with the intent to initiate a police investigation of plaintiff, this use would be illegal under the DPPA.

FRCP Rule 9(b) requires particularity when pleading "fraud or mistake." Plaintiff merely alleges that, "SILCOCKS caused PLAINTIFF harm by obtaining, possessing and disseminating personal and confidential information pertaining to PLAINTIFF, soliciting law enforcement officers and agencies to violate PLAINTIFFS rights and privacy, by causing legal proceedings and law enforcement actions to be initiated against PLAINTIFF based on information known by SILCOCKS to be false. . ." (Second Amd. Compl. ¶ 40). Plaintiff does not plausibly allege that Silcocks procured the data protected by the DPPA with the intent that it be used to instigate a police investigation.

We must keep in mind the narrow scope of what is protected information under the DPPA. The DPPA states that the "personal information" contained within the database includes: "an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information. . . ."

7

18 U.S.C. 2725(3). The proposed second amended complaint contains one paragraph detailing the personal information accessed by Silcocks. *In addition to the information that existed in the DMV records*, plaintiff alleges that Silcocks also accessed: previous criminal charges; probation status and terms; gang affiliation; whether plaintiff had violent tendencies; and whether plaintiff was considered an escape risk (Second Amd. Compl. ¶ 18). This latter information was allegedly obtained from the other law enforcement databases such as the California Law Enforcement Telecommunication System, National Crime Information Center, and CORPUS (*id*. at ¶ 19). *The latter information obtained from databases other than the DMV is not protected information under the DPPA*.

It is not plausible, within the four corners of the complaint, that the information protected by the DPPA, like a social security number or other narrow information, could have been used to initiate a criminal investigation of plaintiff. The type of information accessed from the DMV database is *not* the type of information to implicate criminal behavior. Possibly, the information obtained from the other police sources were the sources used to instigate police proceedings, but it is too far-fetched to infer that Silcocks expected the social security number and like information to be of use for that purpose. Deputy Silcocks would have known that the DMV information was readily available to law enforcement anyway, and he could not have used such general information for the purpose of instigating a criminal investigation.

The Court has given plaintiff every opportunity to plead his best case under the DPPA and is not going to give him another. The proposed second amended complaint does not meet the heightened pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560–61 (2007), or of FRCP 9(b).

Because the pled allegations reveal the searches fall under the litigation clause of Section 2721(b)(4), it is clear that no amendment consistent with the pled facts will cure the defect in the complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007). It is unnecessary to reach the underlying question whether a DPPA claim may be asserted under Section 1983.

### 3. THE REMAINING STATE-LAW CLAIMS.

Having dismissed plaintiff's sole federal-law claim, only state-law claims would remain in

8

this action. The subject-matter jurisdiction for those claims is based on supplemental jurisdiction, which is discretionary. Given that those involve important principles of state law, the state courts would be better suited to decide them. Therefore, the Court is inclined against exercising supplemental jurisdiction over the state-law claims and the parties are ordered to show cause **BY SEPTEMBER 23, 2013, AT NOON**, if they wish a different outcome.

### 4. JUDICIAL NOTICE.

Defendant County of Alameda requests judicial notice be taken of the following: (1) The allegations set forth in the proposed second amended complaint; (2) The allegations set forth in plaintiff's first amended complaint; (3) the Court's March 25 order. Defendant's request for judicial notice is **GRANTED**, as the contents of these documents are "not subject to reasonable dispute" in that as public records, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201. Plaintiff made no objections. The documents at exhibit 2, plaintiff's first amended complaint, is incomplete (Dkt. No. 109). To the extent that the documents were supplied and are relevant, this order takes notice of them. Any portions not supplied, or which are irrelevant, are not given judicial notice.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file an amended complaint is **DENIED**. Defendant County of Alameda's request for judicial notice is **GRANTED**. Having dismissed plaintiff's sole federal-law claim, only state-law claims remain. Accordingly, counsel for plaintiff and defendant Silcocks are hereby ordered to file supplemental materials, which may include briefs not to exceed **FIFTEEN PAGES**, regarding whether this court should exercise supplemental jurisdiction over the remaining state-law claims. The submissions shall be due by **BY SEPTEMBER 23, 2013, AT NOON**.

**IT IS SO ORDERED.**

Dated: September 13, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9